FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR 17 PM 12: 15

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 305-022 |
| | ) | |
| GREGORY SCOTT LEGETTE | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has accused Defendant Gregory Scott Legette of Possession with Intent to Distribute Methamphetamine, Use of a Firearm During the Commission of a Crime of Drug Trafficking, Possession of an Unregistered Firearm, and Possession of a Firearm by a Convicted Felon. The matter is now before the Court on Defendant's motions to suppress. (Doc. nos. 12 & 21). For the reasons developed below, the Court **REPORTS** and **RECOMMENDS** that the motions to suppress be **DENIED**.[1]

---

[1] In one of his two motions to suppress (doc. no. 12), Defendant asked for an evidentiary hearing. However, as the Court explained in its February 10, 2006 Order (doc. no. 27), neither motion contained any factual support, and both were filed in contravention of Loc. R. 12.1 in that there was no supporting affidavit or citation to the pertinent page in the existing record to support Defendant's claims. Moreover, neither motion had a supporting memorandum of law. Nevertheless, the Court granted Defendant an additional ten (10) days to file the requisite information in support of his motions. Although Defendant did file a document entitled "Factual Assertions and Affidavits in Support of Motion to Suppress" (doc. no. 28), as discussed in detail herein, the filing does not create any <u>factual</u> dispute. Moreover, there is still no memorandum of law as required by Loc. Crim. R. 12.1.

Based on the papers filed by Defendant, the Court finds no reason for holding an evidentiary hearing. That is, the decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. <u>United States v. Cooper</u>,

I.      **FACTS**

The government provides the following account of events leading up to the challenged search at Defendant's residence :

> On March 23, 2005, a confidential informant (hereinafter CI), who was working with Officer Stokes, Soto, Scott, and Brewer of the Laurens County Sheriff's Department and Officer Coleman of the Dodge County's Sheriff's Office, made a controlled purchase of methamphetamine from the defendant at his residence, which is located at 206 North Alpha Street, Dexter, Georgia. Immediately after the buy was made, officers approached the defendant, and with permission, entered the defendant's home. Officers requested permission to search the residence, which the defendant denied. Officers secured the residence, did a protective sweep of the house, and sought a search warrant for the house.
>
> Once the search warrant was signed, officers executed said warrant and located a number of items of evidence, including methamphetamine, guns, drug paraphernalia, and drug ledgers. A copy of said warrant was given to Gregory Legette.

(Doc. no. 30, p. 2; see also Search Warrant No. 2005-0752 and Affidavit and Application for a Search Warrant, Docket No. 2005-0752, both attached as Ex. A to doc. no. 30).[2]

---

203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted). A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)).

Here, as discussed in Part II, *infra*, the moving papers are woefully lacking in details and do not establish that a substantial claim is presented.

[2]The government first submitted this factual version of events in its February 6th response to Defendant Legette's preliminary filings made prior to the Court's instruction to Defendant to particularize his motions. As detailed below, Defendant's subsequent filing does not provide any facts to dispute the government's version of events.

2

The sum total of facts set forth by Defendant concerning the challenged search of his residence is as follows: "On March 23, 2005 an individual who I believe to be named Debbie Cook came to my residence immediately prior to law enforcement agents coming to my residence seeking permission to search my residence." (Doc. no. 28, Legette Aff., p. 2). Defendant also offers the affidavit of a private investigator, Bob H. Ennis, who states that Debbie Cook told him she did not know anything about Scott Legette buying drugs and was not going to testify against him.[3] (Id., Ennis Aff., p. 2). The private investigator further states that an individual claiming to be Ms. Cook's boyfriend volunteered that someone with the Laurens County Drug Task Force threatened to take Ms. Cook's children if she did not testify against Defendant.

## II. ANALYSIS

### A. Failure to Comply with Local Rules

Without even reaching the merits of the motions, they are subject to summary denial because they were not filed in compliance with the Court's Local Rules. Specifically, under Loc. Crim. R. 12.1:

> Unless otherwise ordered by the Court, every motion filed in a criminal proceeding shall be accompanied by a memorandum of law citing supporting authorities. Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.

---

[3]Interestingly, Defendant Legette is charged not with buying drugs, but, *inter alia*, with possession with intent to distribute drugs.

Here, despite three filings regarding suppression arguments, Defendant never provided a supporting memorandum of law. Nor do the extremely brief affidavits by Defendant and Private Investigator Ennis provide the necessary <u>factual</u> details to support Defendant's conclusory arguments for suppression. Rather, the motions consist of little more than the stringing together of conclusory assertions about what defense counsel "assumes" the Magistrate who issued the warrant did or did not know at the time Investigator Brewer applied for the search warrant,[4] as well as sweeping assertions that Defendant's constitutional rights were violated in some non-specific way. (<u>See</u> doc. nos. 12, 21, 28).[5] Accordingly, the motions should be **DENIED** for failing to comply with the Local Rules. <u>See, e.g.</u>, <u>United States v. Farese</u>, 451 F.2d 564, 566 (5th Cir. 1971) (finding no error in denial of criminal pre-trial motions for failing to comply with local rules).[6]

---

[4] Defense counsel's general references to a document entitled "investigative narrative" are of little value in that the information recited does not dispute the government's version of events. (<u>See</u> doc. no. 28, pp. 1-2). In any case, the Affidavit and Application for a Search Warrant (doc. no. 30, Ex. A) corroborates the "investigative narrative" that has not been submitted to the Court and further provides the factual basis presented to the Magistrate for seeking a warrant (controlled purchase by a CI at Defendant's residence) that Defendant claims was missing from the narrative.

[5] Defendant's second motion to suppress is even completely devoid of legal conclusions, and in fact names the wrong individual as the aggrieved party. (Doc. no. 21, p.2 (stating that Defendant Napoleon Harris has not had time to review all discovery material)).

[6] In <u>Bonner v. Prichard</u>, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

### B.   Probable Cause Properly Established

Even if the motions had been properly filed, there is no merit to the one issue that Defendant at least superficially touches on in his "particularized" submission: the use of information from a CI to obtain a search warrant. According to Defendant, the search warrant is somehow lacking because he "can only assume, the magistrate relied upon the investigator[']s rendition that the CI made some type of control purchase of an illegal substance from the Defendant." (Doc. no. 28, p. 3).

Whenever a search warrant application is presented to a judicial officer, the judicial officer must

> make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983). Also, sufficient information must be presented to the judicial officer to allow for the exercise of independent judgment; the judicial officer cannot simply ratify the conclusions of others. Id. at 239. In this circuit, however, a court reviewing the decision of a judicial officer concerning the existence of probable cause gives "[g]reat deference" to that determination. United States v. Gonzalez, 940 F.2d 1413, 1419 (11th Cir. 1991). Furthermore, "probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts[.]" Gates, 462 U.S. at 232. To avoid "rigid" legal rules, Gates changed the "two-pronged test" of Aguilar v. Texas, 378 U.S. 108, 114 (1964) into a totality of the circumstances test. Gates, 462 U.S. at 230-35. Under the Gates totality of the circumstances test, the "veracity" and "basis of knowledge" prongs of Aguilar

are not accorded independent status as means for assessing the usefulness of an informant's tips. "[T]hey are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for by a strong showing as to the other[.]" Id. at 233. Under the "totality of the circumstances" test, there is no rigid demand that specific tests be satisfied before an informant's tip can be relied on. Id. at 230-31. Thus, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Cauchon v. United States, 824 F.2d 908, 911-12 (11th Cir. 1987) (citing Gates, 462 U.S. at 238-39).

Here, upon examination of the totality of the circumstances, the Court comfortably concludes that the Magistrate had a substantial basis for concluding that probable cause existed based on the information from Investigator Brewer that a CI had been utilized to make a controlled purchase of methamphetamine from Defendant at his residence. The Affidavit and Application for a Search Warrant clearly sets forth the facts upon which Investigator Brewer based his request for a warrant:

> Within the past 72 hours AFFIANT met with a confidential informant, hereafter referred to as source 1, for the purpose of making a controlled purchase of methamphetamine from Scott Leggett [sic] at his residence. Source 1 and its vehicle were searched for contraband with negative results. Source 1 was provided with an amount of official government funds and directed to attempt to purchase methamphetamine from Scott Leggett [sic] at his residence. Source 1 was followed to Leggett's [sic] residence and was followed from the residence to a prearr[a]nged location where it turned over an amount of suspected "ICE" methamphetamine. Source 1 and its vehicle were again searched for contraband with negative results.

6

> Based on the information received that narcotics sales are taking place at the residence, and there may be unidentified persons attempting to purchase, possessing, or distributing narcotics at the residence, AFFIANT requests an all other persons clause to be added to the search warrant.

(Doc. no. 30, Ex. A, Bates 77).

Almost immediately after the CI made the controlled purchase, officers went to Defendant's residence and, with Defendant's permission, entered the home.[7] However, Defendant refused the officers' request to search, resulting in the officers securing the residence, performing a protective sweep, and then seeking a search warrant. According to the warrant application, the Magistrate was informed that within the prior three days, officers had met with a CI and arranged a controlled purchase from Defendant Legette at his residence. Clearly, this was sufficient factual information to allow the Magistrate to determine whether there was a "fair probability" that contraband or evidence of a crime would be found at Defendant's residence. The Court finds no basis for recommending suppression based on the sufficiency of the information presented to the Magistrate who issued the warrant.

As to the remaining laundry list of legal conclusions that were raised in the motions submitted prior to the Court's February 10th Order directing particularization, the Court does not find any basis for recommending suppression of any evidence discovered at Defendant's

---

[7]The Court is aware that defense counsel states that an unidentified investigative narrative represents that officers entered Defendant's residence without permission and observed a pipe which they believed to contain methamphetamine residue. Notably, however, that narrative has not been produced to the Court, and, in any event, Defendant's affidavit makes no mention of officers entering his residence without permission. (Legette Aff., pp. 1-2). Rather, the affidavit simply states that officers asked for permission to search Defendant's residence; it says nothing about what Defendant's answer to that request may have been, let alone that officers actually entered the residence without permission. (Id.).

Legette's residence on March 23, 2005.[8]  To the extent that the government formulated and/or attempted to ferret out Defendant's potential arguments in its response, the Court agrees with the government's analysis that Defendant has simply not come forward with anything suggesting, let alone establishing, that any evidence from the March 23rd search should be suppressed.  (See doc. no. 30, pp. 4-9).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motions to suppress be **DENIED**.

SO REPORTED and RECOMMENDED this 17th day of March, 2006, at Augusta, Georgia.

*W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8]As noted *supra*, none of these allegations are factually supported or otherwise explained in a memorandum of law.  The Court has already addressed the one issue that could be liberally construed from the filing made in response to the Court's direction to Defendant to particularize his arguments.

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     \*

        vs.     \*     CASE NO. CR305-22

GREGOROY SCOTT LEGETTE     \*

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Rpt and Recomm dated 3/17/06, which is part of the official records of this case.

Date of Mailing: 3/17/06
Date of Certificate: 3/17/06

SCOTT L. POFF, CLERK

By _L. Flanders_

NAME:
1. Gregory Scott Legett
2. Jon F. Helton
3. tickler
4.
5.
6.
7.

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds