FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2006 APR 24 PM 2: 45

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK _L. Feleaders_
SO. DIST. OF GA.

DUBLIN DIVISION

UNITED STATES OF AMERICA      )
                              )
        v.                    )      CR 305-022
                              )
GREGORY SCOTT LEGETTE         )

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Despite Defendant's objections, this Court is convinced that Defendant's conclusory arguments in his motions to suppress and his belated attempts to craft a factual dispute in his objections fall short of the specificity requirements for obtaining an evidentiary hearing.

As the Magistrate Judge explained, Defendant originally filed two motions to suppress, both in violation of Loc. Crim. R. 12.1 in that neither motion contained any factual support in the form of a supporting affidavit or citation to the pertinent page in the existing record to support Defendant's claims, and neither motion had a supporting memorandum of law. The Magistrate Judge pointed out these deficiencies and allowed ten additional days to particularize the motions. In response, Defendant filed a document entitled "Factual Assertions and Affidavits in Support of Motion to Suppress." (Doc. no. 28). This document did not contain, as required by the Local Rules, a memorandum of law citing supporting authorities or any type of explanation of the basis for Defendant's argument for suppression.

Rather, the supplemental filing suggested that Defendant could not determine with any certainty what facts were relied upon by the Magistrate who issued the warrant, leaving him to "assume" the Magistrate relied upon the rendition of the law enforcement officer who sought the warrant, Investigator Chris Brewer, concerning a controlled purchase of an illegal substance as the basis for the warrant.  (Doc. no. 28, ¶¶ 5, 6).

The Magistrate Judge, furnished only with Defendant's conclusory submission, entered a recommendation that the motions be denied.  (Doc. no. 31).  Faced with the proposition of denial of his motions to suppress without a hearing, Defendant argues in his objections that there is "a direct factual dispute regarding the veracity of the information used to obtain a search warrant."  (Doc. no. 33, p. 4).  Relying on Franks v. Delaware, 438 U.S. 154 (1978), Defendant contends that there should be an evidentiary hearing to determine the veracity of the information presented to the Magistrate who issued the search warrant because he believes that his affidavits cast doubt about whether the controlled purchase, cited as the basis for obtaining a warrant, actually occurred.[1]  The Court disagrees.

---

[1]In Franks, defense counsel asserted that an affiant seeking a warrant misrepresented, in bad faith, that he had personally interviewed certain individuals to obtain information for the warrant.  438 U.S. at 158.  Moreover, the individuals named in the warrant said that the information they had provided to another officer was "somewhat different" than what had been put in the warrant application.  Id.  In ruling that an evidentiary hearing should be held on the veracity of the affidavit supporting the warrant application, the Supreme Court set the following standard:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable

First and foremost, contrary to counsel's representation, Defendant's submissions do not include "a direct statement from the confidential informant directly [sic] that the drug transaction did not happen." (Id. at 6). Defendant provided his own affidavit stating that someone he believed to be named "Debbie Cook" came to his residence just prior to the arrival of law enforcement officers on March 23. He also submitted the affidavit of a private investigator who averred that he interviewed a "Debbie Cook" concerning "any involvement she may have had with the Defendant in this case on March 23, 2005," and she told him that "she didn't know anything about Scott Leggette [sic] buying drugs and wasn't going to testify against him."[2]  (Doc. no. 28).  Assuming without deciding that the Ms. Cook interviewed by the private investigator is the confidential informant referenced in the search warrant application,[3] the private investigator's affidavit is notably devoid of a denial that Ms. Cook was at Defendant's residence on March 23, 2005 and is notably devoid of a denial that she cooperated with police on that date - regardless of her current feelings about testifying at a trial. Nowhere in the private investigator's affidavit is there a statement attributed to Ms. Cook that explicitly denies the occurrence of the drug transaction referenced in the warrant application. The record does contain, however, the sworn affidavit of Investigator Brewer

---

statements of witnesses should be furnished, or their absence satisfactorily explained.

Id. at 171.

[2]As the Magistrate Judge pointed out, the Ms. Cook interviewed by the private investigator said she did not know anything about Defendant buying drugs, but he stands accused of selling drugs.

[3]There is nothing in the supplemental filing that directly explains Ms. Cook is actually the confidential informant who made the purchase upon which Investigator Brewer based his application.

stating that within seventy-two (72) hours of applying for the search warrant, he met with a confidential informant who made a controlled purchase of "ICE" methamphetamine at Defendant's residence. (Doc. no. 30, Attach. A).

In sum, it is well settled in the Eleventh Circuit that an evidentiary hearing is not required in every case, particularly "where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested." United States v. Brown, -F.3d-, 2006 WL 587875, at * 13 (11th Cir. Mar. 13, 2006) (citing United States v. Smith, 546 F.2d 1275, 1279-80 (5th Cir. 1977)). Here, Defendant has failed in his attempt to craft a factually supported argument about the veracity of a warrant application through the affirmation of a private investigator who interviewed a person, approximately one year after the controlled transaction at issue, that may be a confidential informant and may be having second thoughts about testifying at trial. At best, the Ms. Cook interviewed by the private investigator claims that she has no knowledge about Defendant purchasing drugs. Such an allegation - in the absence of any evidentiary support for the contention that the controlled purchase referenced in the warrant application did not occur - does not suggest a dispute about a critical fact.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motions to suppress are **DENIED**. (Doc. nos. 12 & 21).

SO ORDERED this _____ day of April, 2006 at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA

vs.

GREGORY SCOTT LEGETTE

\*
\*   CASE NO.  CR305-022
\*
\*
\*

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as ORDER_____ dated 4/24/06_____, which is part of the official records of this case.

Date of Mailing:    4/24/06_____
Date of Certificate: 4/24/06_____

SCOTT L. POFF, CLERK

By _L. Tlooker_____
:

NAME:

1. Jon F. Helton
2. Gregory Scott Legett
3. _____
4. _____
5. _____
6. _____
7. _____

Cert/Copy

| | | |
|---|---|---|
| ☐ | ☒ | District Judge |
| ☐ | ☒ | Magistrate Judge |
| ☐ | ☐ | Minutes |
| ☐ | ☐ | U.S. Probation |
| ☐ | ☐ | U.S. Marshal |
| ☐ | ☒ | U.S. Attorney |
| ☐ | ☐ | JAG Office |

Cert/Copy

| | | |
|---|---|---|
| ☐ | ☐ | Dept. of Justice |
| ☐ | ☐ | Dept. of Public Safety |
| ☐ | ☐ | Voter Registrar |
| ☒ | ☐ | U.S. Court of Appeals |
| ☐ | ☐ | Nicole/Debbie |
| ☐ | ☐ | Ray Stalvey |
| ☐ | ☐ | Cindy Reynolds |